UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVEY O. WALKER                                       CIVIL ACTION
JESSICA J. WALKER
                                                       NO. 08-4699
VERSUS

ROWAN COMPANIES, INC. and                             SECTION "N" (4)
LETOURNEAU TECHNOLOGIES
DRILLING SYSTEMS, INC.

# O R D E R  and  R E A S O N S

Before the Court is a Motion to Dismiss (R. Doc. 11) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Jessica J. Walker's claims for loss of society, services, and consortium should be dismissed on the grounds that a spouse of a seaman may not recover non-pecuniary damages against a Jones Act employer or a third party. Claimants assert that negligence which occurs on land may be a basis for a spouse's loss of society claim against a non-employer defendant. For the reasons that follow, the motion is granted.

## I. BACKGROUND

On October 21, 2008, plaintiff Davey O. Walker ("Walker") filed suit against defendants Rowan Companies, Inc. (hereinafter "Rowan") and LeTourneau Technologies Drilling Systems, Inc. (hereinafter "LTDS"). Additionally, Walker's wife, Jessica Walker, is named as a plaintiff in the lawsuit. Walker claims he sustained physical and mental injuries while working as a crane

operator for Rowan upon the J/U ROWAN GORILLA IV.[1]  On or about February 20, 2008, the vessel's crane boom, which was designed and manufactured by LTDS and owned and operated by Rowan, collapsed unexpectedly, striking Walker and killing two crew members.  Among other things, Walker claims that Rowan is liable for failure to provide safe, adequate tools and equipment.  He also alleges that LTDS is liable for, among other things, failure to properly manufacture, repair, or service the crane.  Walker claims physical and mental pain and suffering, past and future loss of income and earning capacity, and past and future medical care.  Jessica Walker claims loss of society, services and consortium.

## II. ANALYSIS

### A. Standard of Review

In considering a motion to dismiss, the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiffs favor. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007); *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir. 2007) (recognizing a change in the standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted). When evaluating "plausible" grounds for relief, the Court "simply calls for enough facts to raise a reasonable

---

[1] It is undisputed that Walker is a Jones Act seaman.

expectation that discovery will reveal evidence" to support the claim. *Id.* Dismissal is warranted if "it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting *Leffall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir. 1994).

**B.      Loss of Consortium Claims**

It is well-established that non-pecuniary damages are not available to a Jones Act seaman or his family in an action against his employer. *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990). The Jones Act, 46 U.S.C. § 688, creates a cause of action for the wrongful death of a seaman, but limits a party's recovery to pecuniary loss. In *Miles,* the United States Supreme Court extended this statutory limitation to claims arising under the general maritime law. *Id.* The Court plainly held "there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman." *Id.* at 33. In addressing this issue, the Court underscored that it was seeking to achieve uniformity in the remedies available under the Jones Act and general maritime law. Specifically, the Court stated: "It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created [unseaworthiness] cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence." *Id.* The Fifth Circuit has extended *Miles* to also bar non-pecuniary damages in actions for the personal injury of a Jones Act seaman under general maritime law. *Murray v. Anthony J. Bertucci Construction Co.,* 958 F.2d 127, 131 (5th Cir. 1992).

Plaintiff concedes that she has no claim for loss of society damages against her husband's employer, Rowan. Opp'n at 3-4. However, she argues her loss of consortium claim should stand against LTDS. *Id.* She contends that because LTDS' liability is not governed by the Jones Act, the uniformity principle espoused in *Miles* and echoed in *Murray* bears no relation to this case. Opp'n at 4. This argument is not supported by applicable law. The Fifth Circuit addressed the availability of non-pecuniary damages against non-employer third parties and explicitly held that "the *Miles* uniform rule precluding recovery for non-pecuniary damages includes situations in which a seaman's dependants sue a non-employer." *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 (5th Cir. 2004) (citations omitted). The Court rejected the argument Plaintiffs make for restricting *Miles* to lawsuits brought under the Jones Act, finding that "a general maritime action against a non-employer is sufficiently analogous to a Jones Act action to be limited by *Miles*." *Holman v. Applied Drilling Technology, Inc.*, No. H-05-3830, 2007 WL 173302 at *3 (S.D. Tex. Jan. 18, 2007) (interpreting *Scarborough*).

Plaintiffs claim that general maritime law allows a plaintiff to recover loss of consortium claims against a non-employer defendant where the negligence which ultimately caused harm to the seaman occurred on land. Opp'n at 3. On this point, Plaintiffs flatly assert that *Scarborough* "was incorrect insofar as land-based negligence is concerned." Opp'n. at 4. The Court disagrees. Moreover, and regardless, this Court is bound by Fifth Circuit precedent, and Plaintiffs provide no reasonable grounds upon which to distinguish *Scarborough* from the facts at hand. In *Scarborough*, the decedent's survivors sought damages from the manufacturer of the hoods the decedent wore while sandblasting offshore oil platforms. *Scarborough,* 391 F.3d at 662. The plaintiffs alleged the hoods "were defective and caused [the decedent] to inhale silica

4

and other materials" which then caused the decedent to develop silicosis. *Id.* The allegedly defective hoods were no doubt manufactured on land, as were the pedestal cranes at issue in this case. But the court determined that the tort occurred on navigable water. *Id.* at 664 ("What actually caused the harm . . . was the inhalation of silica and other particles."). The location of the non-employer's alleged negligence was not pertinent to the Fifth Circuit's decision. *Id.* at 668 ("The genesis of Appellants' claims is maritime through and through."). Similarly, whether LTDS' alleged negligence occurred on land or sea bears no significance here.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss Jessica Walker's claims is **GRANTED**. This disposing of all of her claims, she is **DISMISSED** as a party to the case.

New Orleans, Louisiana, this 9th day of July, 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**